# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMIR FATIR, | : | K17A-12-003 JJC |
| | : | In and For Kent County |
| Plaintiff/Appellant, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| SGT. CASEY PHELPS, CAPTAIN | : | |
| RANDALL DOTSON, S/LT. JAMES | : | |
| P. SATTERFIELD, JASON M. RASH, | : | |
| LT. TEDDY TYSON, and the | : | |
| DEPARTMENT OF CORRECTION, | : | |
| | : | |
| Defendants/Appellees. | : | |

Submitted: May 25, 2018
Decided:  June 19, 2018

## ORDER
*Upon the Appellees' Motion to Dismiss - GRANTED*

*Pro se* Appellant Amir Fatir (hereinafter "Mr. Fatir") is an inmate at James T. Vaughn Correctional Center (hereinafter "JTVCC") serving a life sentence for first degree murder.  Mr. Fatir faced discipline at JTVCC for allegedly concealing unauthorized writing supplies and paper in his prison cell in June 2017.  As a consequence, the Delaware Department of Correction (hereinafter "DOC") terminated his prison employment. Mr. Fatir unsuccessfully appealed his punishment through DOC's internal appeals process.  He now seeks to appeal DOC's final decision to this Court under the Administrative Procedures Act (hereinafter "APA").  Independent of his APA appeal, Mr. Fatir also argues that a

DOC policy providing for "judicial review" of adverse DOC decisions separately provides jurisdiction for this Court to hear his appeal.

DOC moves to dismiss Mr. Fatir's appeal alleging that the Court has no jurisdiction to hear it because the APA does not permit the appeal. DOC also asserts that to the extent Mr. Fatir challenges a DOC policy, rule, or regulation, his appeal is untimely and procedurally improper. Lastly, DOC asserts that its Policy 5.1 referencing "judicial review" was not intended to confer appellate jurisdiction on the Superior Court; DOC further argues that if there was any such intent, an administrative policy cannot confer appellate jurisdiction.

For the reasons discussed below, the Court must dismiss Mr. Fatir's appeal because a DOC case decision is not appealable under the APA and no other statute independently provides appellate jurisdiction for his appeal. Likewise, to the extent Mr. Fatir's appeal can be read to challenge DOC rules and regulations, a case decision appeal is not the proper mechanism. Finally, because DOC policy cannot confer jurisdiction upon this Court to hear appeals regarding prison rule violations, DOC's motion to dismiss must be granted.

### Mr. Fatir's appeal challenges a DOC case decision that this Court does not have authority to review under the Administrative Procedures Act.

Mr. Fatir argues that the Court has jurisdiction over his prison rule violation appeal pursuant to the APA. Pursuant to 29 *Del. C.* § 10142, case decisions by many Delaware agencies are appealable to this Court. A case decision is defined as "any agency proceeding or determination that a named party … is or is not in violation of a law or regulation."[1] However, only certain Delaware agencies are affected by 29

---

[1] 29 *Del. C.* § 10102

2

*Del. C.* § 10142.[2]  DOC is not a listed agency, and therefore it is only subject to some provisions in the APA.

DOC's prison rules violation finding, and its decision after Mr. Fatir's subsequent internal appeal, constitute a case decision as defined 29 *Del. C.* § 10102(3).  Because DOC is not included in the list of affected agencies in 29 *Del. C.* § 10161, appellate review of this case decision is not available under 29 *Del.C.* § 10142.[3]  Consequently, Mr. Fatir's rules violation appeal  is not reviewable under the portions of the APA permitting appeals of enumerated agencies.

**An appeal of a case decision is not the proper mechanism for challenging the lawfulness of a rule or regulation under 29 *Del. C.* § 10141.**

Mr. Fatir's filing, both in name and content, makes it clear that he challenges DOC's case decision.  The crux of his sixty-page filing entitled "Administrative Procedures Act Appeal" focuses on his disagreement with the outcome of a decision after a disciplinary hearing held at JTVCC.   He includes references in his appeal to 29 *Del. C.* § 10141, and then also references various procedural rules in DOC's disciplinary hearing process. Section 10141 of the APA, that applies to DOC, separately provides for judicial review of regulations through declaratory judgment actions.  In such cases, the regulation must be challenged within 30 days of its publication in the Register of Regulations.[4]  Separately, when a regulation is the

---

[2] *See* 29 Del. C. § 10161 (listing "affected" agencies and providing that all agencies not listed are subject only to subchapters I and II of the APA as well as §§ 10141, 10144, and 10145 of Title 29).

[3] *See Jackson v. Danberg*, 2008 WL 1850585, at *3 (Del. Super. Apr. 25, 2008) (recognizing that the DOC is excluded from the list of affected agencies under 29 *Del. C.* § 10161 and therefore only its regulations are subject to judicial review).

[4] *See* 29 *Del. C.* § 10141(d).

subject of an enforcement action, the lawfulness of the regulation may be reviewed by this Court as a defense to the action.[5]

The APA's preamble explains that "[t]he policy of [the APA] is ... to specify the manner and extent to which action by [agencies subject to the APA] may be subjected to ... judicial review."[6] The APA is intended to subject to judicial review only agency conduct that may be fairly characterized as regulations or case decisions.[7] This language demonstrates the General Assembly's intent to limit judicial review.[8]

This matter is not an enforcement action brought by DOC against Mr. Fatir. As a result, the limited exception of § 10141(c) of Title 29 permitting a challenge of a DOC regulation does not apply. Under §§ 10141(a) and (d) of Title 29, any challenge to DOC's regulations must therefore have been brought by a declaratory judgment within 30 days of the regulation's publication in the Register of Regulations. Mr. Fatir's appeal does not involve a defense to an enforcement action; nor can it be considered a declaratory judgment action. Furthermore, if it were somehow to be construed as a declaratory judgment action, it would be untimely because it was not brought within thirty days of publication of a challenged regulation.

In this matter, Mr. Fatir is proceeding as a *pro se* appellant, has no formal legal education and is an inmate as JTVCC. Nevertheless, even liberally interpreting pleading requirements for unrepresented litigants does not permit the Court to convert his action to one seeking a declaratory judgment. Furthermore, even if it did, the Court finds that on the face of his appeal, he is unable to satisfy 29 *Del. C.*

---

[5] 29 *Del. C.* § 10141(c).
[6] *O'Neill v. Town of Middletown*, 2006 WL 205071, at *9 (Del. Ch. Jan 18, 2006) (*citing* 29 *Del. C.* § 10101).
[7] *Id.*
[8] *Id.*

§10141(d)'s requirements that such an action be filed within thirty days of the date DOC promulgated the various procedural rules he disagrees with.

## A DOC policy cannot confer jurisdiction on this Court.

Lastly, Mr. Fatir argues that DOC's Policy Manual gives this Court jurisdiction to hear appeals regarding prison rule violations and discipline. The provision he references, Department of Correction Policy Number 5.1 (hereinafter "Policy 5.1"), provides that:

> [t]he Executive Committee, in cooperation with the Attorney General's Office, shall identify all offender rights including, but not limited to: a safe and healthy living environment, due process for all alleged rule violations, freedom of speech, access to the courts, access to counsel, access to media, access to programs and services, and a grievance process allowing for administrative **and judicial review."** (emphasis added).

Assuming, *arguendo*, that DOC's intent in promulgating Policy 5.1 included giving inmates the ability to appeal prison rule violations to this Court, the DOC was unable to do so through its own internal policies. The Delaware Supreme Court has held that absent an expressly conferred right of review, this Court is not free to exercise its appellate jurisdiction over administrative agency rulings.[9] Appellate jurisdiction must be conferred by statute and cannot be conferred by an act of the administrative agency whose decision is allegedly subject to review. DOC's governing statute, 11 *Del. C.* § 6535, permits it to promulgate rules and regulations "for the maintenance of good order and discipline in the facilities and institutions of the [DOC], including procedures for dealing with violations." Notwithstanding language in DOC's policy referencing "judicial review," since no language in

---

[9] *Plumbers & Pipefitters Local 74 v. Dep't of Labor*, 620 A.2d 858, 1992 WL 404285, at *1 (Del. Dec. 18, 1992) (TABLE).

DOC's enabling statute provides DOC with authority to expand this Court's jurisdiction, a reference in a DOC policy to "judicial review" does not change that outcome.[10]

## Conclusion

For the reasons set forth above, the Court has no jurisidiction to hear appeals from DOC case decisions involving inmate rules violations. Furthermore, to the extent that Mr. Fatir seeks to challenge the lawfulness of DOC rules and regulations, an appeal from a DOC case decision is not the proper mechanism. Finally, the internal policies of the DOC cannot confer jurisdiction upon this Court to adjudicate appeals of prison rule infractions. As a result, DOC's motion to dismiss is **GRANTED**.

IT IS SO ORDERED.

/s/ Jeffrey J Clark
Judge

---

[10] Moreover, a provision in DOC's enabling statute authorizing it to confer appellate jurisdiction on a court would bear scrutiny as a potentially impermissible delegation of legislative authority. *See In Re Opinion of the Justices*, 246 A.2d 90, 94 (Del. 1968) (holding "the General Assembly may not delegate to any other agency authority to exercise its legislative powers.").